Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1607 | **DATE** | March 19, 2013 |
| **CASE TITLE** | James Simon (K-52702) vs. Mrs. Williams, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff is given until April 23, 2013 to: (1) either to file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee; and (2) submit an amended complaint. Plaintiff's current complaint is dismissed without prejudice, for the reasons described below. The Clerk is directed to send Plaintiff an *i.f.p.* application, an amended civil rights complaint form with instructions, and a copy of this order. Failure of Plaintiff to comply with this order will result in summary dismissal of this case.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

James Simon, a prisoner at Hill Correctional Center, has filed a *pro se* lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the statutory filing fee and has not filed a petition to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The court will direct correctional officials to deduct the initial filing fee payment directly from the plaintiff's trust fund account. Thereafter, correctional authorities having custody of the plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the court to make the necessary assessment of the initial partial filing fee, Plaintiff must submit an *in forma pauperis* application along with "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if Plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file a complete *in forma pauperis* application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months.

In addition, the plaintiff's complaint fails to comply with the applicable rules. Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Federal Rule of Civil Procedure 10(b) requires a party to state his claims in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and further requires that "each claim founded on a separate transaction or occurrence" be "stated in a separate count" if "doing so would promote clarity." The purpose of Rules 8 and 10 is to give the defendants fair notice of the claims against them and the grounds that support those claims. *Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2012). Though "undue length alone ordinarily does not justify the dismissal of an otherwise valid complaint," undue length may cause the complaint to be unintelligible, making dismissal appropriate. *Id.* at 798. If the "lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Id*; *see also Garst v. Lockheed-*

## STATEMENT

*Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (affirming dismissal of 155-page, 400 paragraph complaint that would have forced the defendants to spend hours "fishing" for the few relevant allegations).

Plaintiff's complaint is 425 pages in length and names at least 94 defendants. Plaintiff identifies his "Statement of Claim" as an "Exhibit," beginning with a paragraph that he is "writing" for help and asks that his grievances be "read over" and that he be punished for what he has done wrong and, if he has done nothing wrong, punish those that have caused him pain and suffering. Plaintiff then "summarizes" numerous grievances (approximately 60 pages of summaries). The remaining 300-plus pages of the complaint include copies of exhibits including copies of grievances and responses to those grievances, letters he wrote to different groups regarding Cook County Jail, sections of a jailhouse lawyers book, and sections of detainees' rights at Cook County Jail. What is clear from the complaint, is that Plaintiff was housed at Cook County Jail since September 2010 and he filed numerous grievances about a myriad of issues at Cook County Jail. These issues include, to name just a few, disciplinary proceedings against Plaintiff, problems with the law librarians, only receiving one hour of "out time" for detainees in protective custody, and destroying some of Plaintiff's personal property.

Plaintiff's complaint does not comply with the requirement to make a short and plain statement of his claims, nor are his allegations in numbered paragraphs, each limited to a single set of circumstances. Instead, Plaintiff's complaint includes over sixty pages of grievance summaries and over 300 pages of exhibits. Plaintiff does not identify any specific claim(s) he is attempting to raise and which of the 94 Defendants he is suing on which claim(s). These deficiencies render Plaintiff's complaint unintelligible. The complaint fails to give any of the 94 Defendants adequate notice of the claim(s) against him or her.

Though it is not possible to determine what claim(s) Plaintiff is attempting to raise against which Defendants, it would appear, based on the myriad issues raised and the number of defendants, that Plaintiff is also improperly bringing unrelated claims against unrelated defendants in the same complaint. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the court examined a prisoner complaint containing a laundry list of grievances. The Court of Appeals held that unrelated claims involving unrelated defendants must be brought in separate suits. *Id.* at 606-07. Plaintiff's unrelated "claims" against unrelated defendants must be filed in separate suits.

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice to filing a proper amended complaint. The Court gives Plaintiff is granted until April 23, 2013 to submit an amended complaint. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. In drafting an amended complaint, Plaintiff must take the Federal Rules of Civil Procedure, including those discussed above, into consideration.

Plaintiff is cautioned that an amended complaint supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

In summary, Plaintiff must, by April 23, 2013, (1) either file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee and (2) submit an amended complaint. The clerk is directed to send Plaintiff an i.f.p. application, an amended civil rights complaint form with instructions, and a copy of this order. Failure of Plaintiff to comply with the Court's order will result in summary dismissal of this case.